**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 04-0105 |
| | ) | |
| REINALDO BERRIOS, TROY MOORE, | ) | |
| ANGEL RODRIGUEZ, and FELIX CRUZ, | ) | |
| | ) | |
| Petitioners. | ) | |
| | ) | |

**Appearances:**

**Harry C. Wallace, Jr., Esq.**
Miami, FL
    *For the United States*

**Kye Walker, Esq.**
St. Croix, U.S.V.I.
    *For Petitioner Reinaldo Berrios*

**Troy Moore**
Waymart, PA
    *Pro Se*

**Ramon M. Gonzalez, Esq.**
San Juan, P.R.
    *For Petitioner Angel Rodriguez*

**Javier A. Cuyar Olivo, Esq.**
San Juan, P.R.
    *For Petitioner Felix Cruz*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Magistrate Judge Emile A. Henderson III's

Report and Recommendation ("R&R") (Dkt. No. 1133), in which the Magistrate Judge

recommends that the Court decide the four Motions referred to him as follows:

> (1) deny as moot Petitioner Felix Cruz's ("Cruz") "Motion to Vacate and Set Aside
> the Convictions and Motion to Dismiss Counts Two, Five, Seven, Eight, Ten, and

Eleven Pursuant to FRCP 12(b)(3)(B) and Pursuant to *Rosemond v. United States*" ("Cruz's First Motion to Dismiss") (Dkt. No. 1085);

(2) deny as moot Petitioner Reinaldo Berrios' ("Berrios") "Notice of Joinder in Motion to Vacate and Set Aside the Convictions and Motion to Dismiss Counts Two, Five, Seven, Eight, Ten, and Eleven Pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) and Pursuant to *Rosemond v. United States*" ("Berrios' Motion to Dismiss") (Dkt. No. 1097);

(3) dismiss for lack of subject matter jurisdiction Petitioner Angel Rodriguez's ("Rodriguez") and Cruz's "Joint Revised Motion to Dismiss Counts Two (2), Five (5), Seven (7), Eight (8), Ten (10), and Eleven (11) Pursuant to FRCP Rule 12(b)(3)(B) and in Light of *Rosemond v. United States*" ("Joint Motion to Dismiss") (Dkt. No. 1106) [1]; and

(4) grant in part and deny in part, without prejudice, Petitioner Troy Moore's ("Moore") "Motion for Joinder of Parties Pursuant to Fed. R. Civ. P. 19 to Add Troy Moore to Felix Cruz's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody" ("Moore's Motion for Joinder") (Dkt. No. 1107) filed by Moore, *pro se*.

Also before the Court are:

(1) Cruz's "Motion for Reconsideration" (Dkt. No. 1007) of the Court's July 18, 2023 Order (Dkt. No. 991) and accompanying Memorandum Opinion (Dkt. No. 992), filed by Cruz, *pro se*;

(2) Rodriguez's "Motion to Dismiss Counts Two, Five, Seven, Eight, Ten, and Eleven Pursuant to FRCP Rule 12(b)(3)(B), and in Light of *Rosemond vs. United States*" ("Rodriguez's *Pro Se* Motion to Dismiss") (Dkt. No. 1068), filed by Rodriguez, *pro se*; [2]

(3) Cruz and Rodriguez's "Joint Motion to Dismiss Count Five (5) for Lack of Jurisdiction" ("Second Joint Motion to Dismiss") (Dkt. No. 1138);

(4) Rodriguez's "Supplemental Motion to Dismiss Count Five" ("Supplemental Motion") (Dkt. No. 1172) in further support of the Second Joint Motion to Dismiss;

---

[1] The Counts addressed in the various Motions are: Count 2 – Attempted Interference with Commerce by Threats or Violence; Count 5 – First Degree Felony Murder; Count 7 – Unauthorized Use of a Firearm During a Crime of Violence; Count 8 – Attempted Carjacking; Count 10 – Carjacking; Count 11 – Use of a Firearm During a Crime of Violence. (Dkt. No. 1106-1).

[2] The Court notes that the arguments presented in Rodriguez's *pro se* Motion were also included in the Joint Motion to Dismiss, which the Magistrate Judge evaluated and determined should be dismissed for lack of subject matter jurisdiction. (Dkt. No. 1133 at 20).

and

(5) Cruz's "Motion for Joinder Re: To Join Supplement Motion to Joint Motion to Dismiss Filed by Codefendant Angel Rodriguez [3] At D.E. 1172" ("Motion for Joinder") (Dkt. No. 1173).

Cruz and Rodriguez filed two objections to the R&R. (Dkt. No. 1137).

For the reasons discussed below, the Court will adopt the R&R in part and reject it in part.

As to the four Motions referred to Magistrate Judge Henderson, the Court will:

(1) deny as moot Cruz's First Motion to Dismiss (Dkt. No. 1085) for the reasons set forth in the R&R;

(2) deny as moot Berrios' Motion to Dismiss (Dkt. No. 1097) for the reasons set forth in the R&R;

(3) deny Cruz and Rodriguez's Joint Motion to Dismiss (Dkt. No. 1106) for the reasons set forth in the R&R as supplemented herein; and

(4) grant in part and deny in part Moore's Motion for Joinder (Dkt. No. 1107) for the reasons set forth in the R&R as supplemented herein.

With regard to the five other Motions, the Court will:

(1) grant in part and deny in part Cruz's Motion for Reconsideration (Dkt. No. 1007);

(2) strike Rodriguez's *pro se* Motion to Dismiss (Dkt. No. 1068);

(3) deny for the reasons set forth herein Cruz and Rodriguez's Second Joint Motion to Dismiss (Dkt. No. 1138);

(4) deny for the reasons set forth herein Rodriguez's Supplemental Motion (Dkt. No. 1172); and

(5) grant Cruz's Motion for Joinder (Dkt. No. 1173).

## I.    PROCEDURAL BACKGROUND

The following is a summary of the relevant facts and procedural background as they pertain to the R&R and the other motions listed above.

After a four-week trial in January and February 2007, a jury found Berrios, Cruz, Moore,

and Rodriguez (collectively, "Petitioners") guilty of eleven counts stemming from a string of crimes committed in early 2004, including carjacking, attempted robbery, and murder.[3] The trial court subsequently entered judgments of acquittal on two of these counts for Cruz, Moore, and Rodriguez, and sentenced all the Petitioners to life imprisonment.[4] The four Petitioners timely appealed on a variety of grounds, and the Third Circuit affirmed their convictions and sentences. *United States v. Berrios*, 676 F. 3d 118, 144, 56 V.I. 932 (3d Cir. 2012).

After their direct appeals were denied, Berrios, Cruz, and Rodriguez timely filed Motions to Vacate under 28 U.S.C. § 2255 ("Section 2255"), in which they asserted various grounds for post-conviction relief. (Dkt. Nos. 992 at 2; 995 at 2; 1001 at 2). They also filed multiple motions to supplement their Motions to Vacate. (Dkt. Nos. 992 at 2-3; 995 at 2-3; 1001 at 2-3). In its Memorandum Opinions and accompanying Orders, the Court concluded that two convictions of Berrios, Cruz, and Rodriguez—Counts 6 and 9—must be vacated, and the Court has set their cases for resentencing for August 18, 2025 for Berrios; August 20, 2025 for Rodriguez; and August 21, 2025 for Cruz. (Dkt. Nos. 1001 at 3; 992 at 3; 995 at 3; 1113 at 3; 1108 at 2; 1109 at 3).

Petitioners filed multiple motions after the Court vacated Counts 6 and 9. Cruz filed his Motion for Reconsideration of the Court's Order and Memorandum Opinion that vacated Counts 6 and 9, arguing that the Memorandum Opinion was "clearly erroneous" when it stated that *United*

---

[3] *See* Dkt. No. 309 (Third Superseding Indictment); Dkt. Nos. 483-86 (Verdict Forms).

[4] *See* Dkt. Nos. 572, 573 (Berrios' Judgment and Commitment Orders on Territorial and Federal Counts); Dkt. Nos. 578, 579 (Cruz's Judgment and Commitment Orders on Territorial and Federal Counts); Dkt. Nos. 576, 577 (Moore's Judgment and Commitment Orders on Territorial and Federal Counts); Dkt. Nos. 574, 575 (Rodriguez's Judgment and Commitment Orders on Territorial and Federal Counts); Dkt. No. 658 (acquitting Cruz, Moore, and Rodriguez on Count 3, carjacking in violation of 18 U.S.C. § 2119, and Count 4, use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)); Dkt. No. 686 (Cruz's Amended Judgment and Commitment Order); Dkt. No. 693 (Moore's Amended Judgment and Commitment Order); Dkt. No. 685 (Rodriguez's Amended Judgment and Commitment Order).

*States v. Berrios* "remains good law in this Circuit." (Dkt. No. 1007 at 2). He also argued that his counsel provided deficient representation and asks the Court to vacate Count 5 because the Court vacated Count 6. *Id.* at 4-5. Rodriguez then filed his *pro se* motion to dismiss (Dkt. No. 1068). Cruz then filed his First Motion to Dismiss (Dkt. No. 1085), which Berrios sought to join (Dkt. No. 1097). Moore then filed his Motion for Joinder, which requested that he be permitted to join Cruz's First Motion to Dismiss; that he be appointed counsel; that the Court reduce his sentence; and that the Court vacate Counts 6 and 9 and resentence him. (Dkt. No. 1107 at 1-3). Finally, Cruz and Rodriguez followed their motions to dismiss with the Joint Motion to Dismiss (Dkt. No. 1106), which was filed by their respective counsel. *Id.* at 12-13. The Court will address each motion below.

## II.    APPLICABLE LEGAL PRINCIPLES

### A.    Standard of Review

A party may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); LRCi 72.3 ("Any party who objects to a Magistrate Judge's proposed findings, recommendations or report, shall file objections that specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection.").

When reviewing a report and recommendation, a district judge must review *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a *de novo* determination

of those portions of the report or specified proposed findings or recommendations to which objection is made."). *De novo* review of an objection to a report and recommendation is required "unless the objection is 'not timely or not specific.'" *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir.1984)).

A district judge reviews any portion of a report and recommendation not objected to under the "plain error" standard of review. *See Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the failure to file objections to a portion of a magistrate judge's report and recommendation waived the party's right to *de novo* review and the scope of review was to be "conducted under the far more deferential standard of 'plain error.'"); *see also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (footnote and citations omitted) ("If a party fails to object timely to the magistrate judge's report and recommendation, we generally review the district court's order for plain error."). Under this standard, a district court reviews a magistrate judge's report and recommendation for error that is "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Tice*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006), *aff'd*, 276 F. App'x 125 (3d Cir. 2008)); *see also Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("An error is 'plain' if it is clear or obvious.").

Cruz and Rodriguez timely raised two objections to Magistrate Judge Henderson's R&R. (Dkt. No. 1137 at 3-10). First, Cruz and Rodriguez assert that the R&R did not decide the merits of the arguments in the motions to dismiss and/or vacate. *Id.* at 3. Specifically, they object that the R&R found their motion to dismiss to be a second or successive habeas petition, which required "a certification from the Court of Appeals when the case is currently pending before the District Court." *Id.* They argue that because the Court is providing the Petitioners with a *de novo*

resentencing, "there is no legal authority requesting appearing defendants to receive a certification by the Court of Appeals." *Id.* Petitioners additionally assert that the two cases used to support the Magistrate Judge's decision are distinguishable from the instant case, because in *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002) and *Benchoff v. Colleran*, 404 F.3d 812, 813 (3d Cir. 2005) both cases were closed. *Id.* at 3-4. By contrast, Cruz and Rodriguez are to be resentenced by the Court *de novo*, meaning this Court has subject matter jurisdiction. *Id.* at 4.

Second, Cruz and Rodriguez object that they were not given a hearing in which they could argue their motion to dismiss. *Id.* at 10. Cruz further argues that because a hearing was not held, he "was not able to clarify the court's concerns before the Report and Recommendation was issued and avoid a miscarriage of justice. *Id.* Cruz also objects that he was not provided enough time to reply to the United States' Opposition. *Id.*

### B.    Motion for Reconsideration

Under this Court's local rules, "[a] party may file a motion asking the Court to reconsider its order or decision." LRCi 7.3(a). The motion must be filed "within 14 days after the entry of the applicable order or decision unless time is extended by the Court." LRCi 7.3(b); LRCi 6.1(b)(3). Further, the motion must be based on: "(1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice," LRCi 7.3(a), and must also state which of the three aforementioned ground(s) it is based upon.

### C.    Federal Rule of Criminal Procedure 12(b)(3)(B)

Federal Rule of Criminal Procedure 12(b)(3)(B) states in relevant part:

(b) Pretrial Motions. . . . (3) Motions that Must be Made Before Trial. The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits: . . . (B) a defect in the indictment or information . . . .

Fed. R. Crim. P. 12(b)(3)(B).

## III.  DISCUSSION

### A.    Standard of Review

Cruz and Rodriguez filed two timely objections to the R&R, which the Court will address below as part of its decision on the Joint Motion to Dismiss. Because they properly objected to Magistrate Judge Henderson's decision, the Court reviews the R&R's recommendation as to the Joint Motion to Dismiss (Dkt. No. 1106). *See, e.g.*, Fed. R. Civ. P. 72(b)(2). The Court will otherwise review the R&R for clear error or manifest injustice. *See Seamon*, 2025 WL 88837, at *2; *Massie*, 2021 WL 111088887, at *1 (quoting 1983 Advisory Committee Notes that the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *Pratt*, 2021 WL 21888576, at *8.

### B.    Motion for Reconsideration

In his Motion for Reconsideration (Dkt. No. 1007), Cruz requests that the Court reconsider its decision regarding Ground 15 of his habeas petition, which the Court termed "Grounds Relating to Double Jeopardy" in its Memorandum Opinion (Dkt. No. 992 at 31).[5] The Court issued the opinion on July 18, 2023, and Cruz is considered to have filed his Motion for Reconsideration— as an incarcerated *pro se* litigant—on August 3, 2023, the date stated in the motion that he signed. *See Holden v. AG N.J.*, No. 21-1862, 2023 U.S. App. LEXIS 33757, *3 n.6 (3d Cir. Dec. 20, 2023) (explaining that although a *pro se* incarcerated habeas petitioner's motion for reconsideration was

---

[5] Cruz filed a "Supplemental Unoppose [sic] Under a Memorandum of Law." (Dkt. No. 1017), which was signed by Cruz on November 5, 2023 and docketed on November 14, 2023. Although associated with Cruz's Motion for Reconsideration in the Court's case file, the memorandum of law does not reference the Motion for Reconsideration or present any information or argument that is related to the Motion. Thus, the Court does not consider the memorandum of law in deciding Cruz's Motion for Reconsideration.

docketed on January 4, 2021, the motion was deemed filed on December 17, 2020 "on the date he executed [it]") (quoting *Baker v. United States*, 670 F.3d 448, 451 n.2 (3d Cir. 2012)). Based on the 14-day time period for filing motions for reconsideration, Cruz's Motion for Reconsideration was filed two days late. *See* LRCi 6.1(b)(3) ("Motions for reconsideration . . . shall be filed within 14 days after the entry of the applicable order or decision unless the time is extended by the Court."). Nonetheless, the Court will consider the Motion in order to correct a misstatement of the law in the Court's July 18, 2023 Memorandum Opinion. (Dkt. No. 992).

In the Motion, Cruz argues that the Court's Memorandum Opinion was clearly erroneous when it stated that "[*United States v. Berrios*] remains good law in this Circuit." (Dkt. No. 1007 at 2) (referring to the U.S. Court of Appeals for the Third Circuit's decision in *United States v. Berrios*, 676 F.3d 118 (3d Cir. 2012)). Cruz argues that *Lora v. United States*, 599 U.S. 453 (2023), "abrogated *United States v. Berrios*." (Dkt. No. 1007 at 3). Specifically, he notes that "*Lora* held that the cumulative sentence mandate [in] [18 U.S.C.] § 924(c)(1)(D)(ii)[6] do[es] not apply to [] § 924(j)." *Id.* Because *Berrios* held that the cumulative sentence mandate in § 924(c)(1)(D)(ii) applied to § 924(j), it is no longer "good law in this Circuit." *Id.* For this reason, Cruz asserts that his constitutional rights under the Double Jeopardy Clause have been violated, and the Court should "vacate count 5 [First Degree Felony Murder] now that count 6 [Causing the Death of a Person Through the Use of a Firearm] is vacated." *Id.* at 3-5; *id.* at 5.

The Court agrees with Cruz that *Berrios* is no longer good law insofar as it held that the cumulative sentence mandate in 18 U.S.C. § 924(c)(1)(D)(ii) applied to 18 U.S.C. § 924(j) because

---

[6] The cumulative sentence mandate in 18 U.S.C. § 924(c)(1)(D)(ii) provides in pertinent part that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed."

*Lora* abrogated that holding in *Berrios*. *See Berrios*, 676 F.3d at 140 ("[W]e are persuaded that under any reasonable interpretation, 18 U.S.C. § 924(j) is subject to the consecutive sentence mandate provided in § 924(c)(1)(D)(ii)."); *Lora*, 599 U.S. at 464 (holding that "the consecutive-sentence mandate in §924(c)(1)(D)(ii) does not govern § 924(j) sentences"). Thus, for this reason the Court will grant Cruz's Motion for Reconsideration only for purposes of striking the incorrect statement that *Berrios* remains good law in the Third Circuit and any conclusion drawn solely from that statement. The Court's Memorandum Opinion issued on July 18, 2023 (Dkt. No. 992) will therefore be amended accordingly.

The Court will otherwise deny the Motion for Reconsideration to the extent that it asks the Court to vacate Count 5. Cruz's Double Jeopardy claim is predicated on being sentenced for Count 5—First Degree Felony Murder under 14 V.I.C. § 922(a)(2) and (11)—and Count 6—"Causing the Death of a Person Through the Use of a Firearm" under 18 U.S.C. § 924(j)(1). However, in its Memorandum Opinion and accompanying Order, the Court vacated Count 6 on other grounds. *See* (Dkt. No. 992 at 46) (vacating Count 6 based on *United States v. Taylor*, 596 U.S. 845 (2022), which held that attempted Hobbs Act robbery cannot serve as a predicate crime under 18 U.S.C. § 924(c) and thus cannot serve as a predicate crime for 18 U.S.C. § 924(j). (Dkt. No. 991 at 2). As the Court explained in the Memorandum Opinion, that was the reason it did not determine whether Cruz was entitled to relief based on *Lora* as it pertains to Count 6. *See id.* at 44 n.42 (explaining that the Court "does not consider whether Cruz's *Davis* and *Lora* challenges . . . warrant relief" because they targeted Counts 6 and 9, which were vacated). The only murder charge on which Cruz will be resentenced is Count 5. Thus, Cruz's Double Jeopardy claim cannot be maintained. The Court will therefore deny his Motion for Reconsideration to the extent it requests that the Court vacate Count 5.

## C.  Petitioners' Motions to Dismiss

### 1.  Rodriguez's *Pro Se Motion to* Dismiss (Dkt. No. 1068)

The first motion to dismiss filed in this case after the Court issued its Memorandum Opinions vacating Counts 6 and 9 for Petitioners Berrios, Cruz, and Rodriguez was filed by Rodriguez, *pro se*. (Dkt. No. 1068). Rodriguez's *pro se* Motion to Dismiss seeks dismissal of Counts 2, 5, 7, 8, 10 and 11 pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) and based on *Rosemond v. United States*, 572 U.S. 65 (2014). *Id.* at 1. The Motion was not referred to Magistrate Judge Henderson, but the Court will strike the motion for the same reason put forth in its Order entered on July 13, 2024 (Dkt. No. 1113). Namely, "[t]he Constitution does not confer a right to proceed simultaneously by counsel and pro se[.]" *United States v. Rodriguez-Molina*, 2024 U.S. Dist. LEXIS 21390, at *3 (D.V.I. Feb. 7, 2024) (quoting *United States v. Lopez*, 2022 U.S. Dist. LEXIS 37544, at *1 (D.V.I. Mar. 3, 2022)). As such, "the District Court [is] not obligated to consider [Defendant's] *pro se* motion[.]" *United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (noting that the "District Court acted within its authority to issue limitations on [] pro se filings submitted while represented by counsel"); *see Lopez*, 2022 U.S. Dist. LEXIS 37544, at *1 (striking *pro se* filings).

Rodriguez's *pro se* Motion to Dismiss was filed while he was represented by counsel. Because Rodriguez is not entitled to proceed *pro se* while simultaneously represented by counsel, *United States v. D'Amario*, 268 F. App'x at 180, the Court will strike Rodriguez's *Pro Se* Motion to Dismiss.[7]

---

[7] The Court notes that Rodriguez, through his counsel, was party to a subsequent Joint Motion to Dismiss (Dkt. No. 1106) that contains the arguments set forth in the *pro se* Motion to Dismiss. The Joint Motion is addressed below.

### 2.    Cruz's First Motion to Dismiss (Dkt. No. 1085)

In the R&R, Magistrate Judge Henderson explains that Cruz filed a Motion to Dismiss that "was nearly identical to the motion Petitioners Cruz and Rodriguez later filed," and which "put forward the same arguments and made the same allegations." (Dkt. No. 1133 at 12). For this reason, the R&R "treat[ed] the second motion as superseding the first," and recommended denying the first motion as moot. *See id.* (explaining that "[w]hen a litigant files one motion, then subsequently files a second motion seeking the same relief, it is prudent to treat the second motion as superseding the first") (citing *Kromenhoek v. Cowpet Bay W. Condo. Assoc.*, No. 12-cv-25, 2014 U.S. Dist. LEXIS 207045, at *3-4 (D.V.I. Dec. 12, 2014)).

The Court agrees with Magistrate Judge Henderson's recommendation. Cruz's First Motion to Dismiss (Dkt. No. 1085) will be denied as moot because Cruz subsequently filed the Joint Motion to Dismiss, along with Rodriguez, which is discussed below.

### 3.    Berrios' Motion to Dismiss (Dkt. No. 1097)

In the R&R, Magistrate Judge Henderson recommends that Berrios' Motion to Dismiss be denied as moot. (Dkt. No. 1133 at 17). In his Motion to Dismiss, Berrios sought to join Cruz's First Motion to Dismiss, but because—as just explained—the R&R recommended denying Cruz's First Motion to Dismiss as moot, the R&R also recommends that Berrios' Motion to Dismiss be denied. *Id.* The R&R also notes that if Berrios' Motion to Dismiss sought to join the Joint Motion to Dismiss (Dkt. No. 1106), *i.e.*, the motion that supersedes Cruz's First Motion to Dismiss, "the result would be the same." (Dkt. No. 1133 at 17 n.6).

The Court will adopt the Magistrate Judge's recommendation and deny Berrios' Motion to Dismiss, but it will treat his Motion as one seeking to join the Joint Motion to Dismiss. It will thus be denied for the same reasons explained below, regarding the Joint Motion to Dismiss (Dkt. No.

1106). When Berrios filed the Motion, the Joint Motion to Dismiss had not yet been filed. *See* (Dkt. Nos. 1185, 1097, 1106) (docketing of Cruz's First Motion to Dismiss on May 31, 2024, Berrios' Motion to Dismiss on June 18, 2024, and the Joint Motion to Dismiss on July 10, 2024). Because the Court is denying as moot the motion he sought to join, *i.e.*, Cruz's First Motion to Dismiss, the Court finds it appropriate to treat Berrios' Motion to Dismiss as seeking to join the subsequently filed Joint Motion. The Court will therefore exercise its discretion to treat Berrios' Motion to Dismiss accordingly. *Cf. Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 472 (3d Cir. 2024) ("[D]istrict courts may, in their discretion, deny as moot motions directed to subsequently amended complaints or apply their arguments to the new complaint and dispose of them on the merits.") (citing *Pettaway v. Nat'l Recovery Sols., LLC,* 955 F.3d 299, 303-04 (2d Cir. 2020) (citations omitted). Berrios' Motion to Dismiss will—nonetheless—be denied as part of the Joint Motion to Dismiss for the reasons discussed below.

#### 4.      Moore's Motion for Joinder (Dkt. No. 1107)

Moore's Motion for Joinder seeks to be joined to Cruz's habeas petition (Dkt. No. 1107 at 1), but it is liberally construed by Magistrate Judge Henderson in the R&R as "a motion for a reduction in sentence, since that is the relief he actually seeks." (Dkt. No. 1133 at 18). The Court finds no clear error or manifest injustice in this determination and adopts this liberal construction of the motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)). As Magistrate Judge Henderson correctly points out however, Moore cites no authority upon which relief can be granted by the Court for the proposition that he is entitled to a reduction in sentence. (Dkt. No. 1133 at 18). Moreover, Moore is unable to join the habeas petitions filed by his co-defendants

because he is "statutorily time-barred," as Magistrate Judge Henderson concludes as well. (Dkt. No. 1133 at 19 n.7) (citing 28 U.S.C. § 2255(f)).[8]

Moore's Motion for Joinder also seeks appointment of counsel, and the R&R recommends that one be appointed such that counsel can determine whether a motion for reduction in sentence can be filed on Moore's behalf. *Id.* at 19. Magistrate Judge Henderson notes in the R&R that Moore's codefendants are to be resentenced after they successfully challenged their sentences. *Id.* For this reason, and because Moore's claim is likely to be complex, Magistrate Judge Henderson recommends that Moore's Motion for Joinder be granted to the extent that he has sought appointment of counsel. *Id.* The R&R recommends that as long as Moore can demonstrate financial eligibility counsel should be appointed to "assess whether a motion to reduce a sentence may be filed on Moore's behalf." *Id.*

The Court will adopt the Magistrate Judge's recommendation and grant Moore's Motion to the extent he seeks appointment of counsel—if financially eligible—for purposes of determining whether a motion to reduce his sentence may be filed. The Court will otherwise deny Moore's Motion.

### 5.    Joint Motion to Dismiss (Dkt. No. 1106)

In the R&R, Magistrate Judge Henderson determined that Fed. R. Crim. P. 12(b)(3)(B)—the Rule under which Cruz and Rodriguez filed the Joint Motion to Dismiss—did not permit Cruz

---

[8] The Magistrate Judge does not provide additional detail in concluding that Moore is statutorily time-barred from filing. However, the Court agrees that Moore is statutorily time-barred from filing his Motion. Pursuant to 28 U.S.C. § 2255(f)(3), a one-year statute of limitations runs from the latest of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Moore filed his Motion on June 30, 2024, more than one year after all three of the Supreme Court cases—*Davis, Taylor, and Lora*—were published that could impact the vacation of Counts 6 and 9.  Therefore, Moore is statutorily time-barred from bringing his Motion.

and Rodriguez to bring the motion. (Dkt. No. 1133 at 13-14). Rather, Magistrate Judge Henderson found that what Cruz and Rodriguez were seeking was for their sentences to be vacated and such a motion for relief was required to be filed as a habeas petition. *Id.* at 14. For support, Magistrate Judge Henderson cites to *United States v. Enigwe* for the proposition that Rule 12 is not to be used when an individual is seeking "relief from a conviction or sentence." 212 F. Supp. 2d 420, 428 (E.D. Pa. 2002); (Dkt. No. 1133 at 14). Then, construing Cruz and Rodriguez's Joint Motion to Dismiss as a habeas petition under 28 U.S.C. § 2255, the R&R treats the motion as a second one under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Dkt. No. 1133 at 1716). Under AEDPA, habeas petitioners are required to obtain a certification from the relevant U.S. Circuit Court of Appeals prior to filing a second or successive habeas petition. *United States v. Mayo*, 901 F.3d 218, 223 (3d Cir. 2018). Because Rodriguez and Cruz had not done so, Magistrate Judge Henderson recommended that the Joint Motion to Dismiss be "dismissed for lack of subject matter jurisdiction." (*Id.* at 17; 28 U.S.C. § 2244(a)(3)(A)). In support, the R&R cites to *Benchoff v. Colleran*, in which the Third Circuit held that the district court lacked subject matter jurisdiction over a "second or successive" habeas petition, 404 F.3d 812, 813 (3d Cir. 2005), and *Robinson v. Johnson*, in which the Third Circuit stated that it "would circumvent the intent of the gatekeeping function of § 2244 for a district court to proceed to rule on the merits of a second or successive petition . . . before the court of appeals has made a decision whether to let the petition for habeas corpus proceed in the district court." 313 F.3d 128, 140 (3d Cir. 2002).

Cruz and Rodriguez timely objected to Magistrate Judge Henderson's recommendation, arguing that because the Court vacated Counts 6 and 9 and ordered that Rodriguez and Cruz be resentenced, the case is still pending with this Court. (Dkt. No. 1137 at 4). Thus, Cruz and Rodriguez argue that the Court has subject matter jurisdiction, and Fed. R. Crim. P. 12(b)(3)(B)

15

applies. *Id.* Because Cruz and Rodriguez timely objected to the R&R, the Court reviews this issue *de novo*. Under the Court's *de novo* review, the Court will deny the Joint Motion to Dismiss for the reasons discussed below together with those set forth in the R&R.

Cruz and Rodriguez's argument that the Court has subject matter jurisdiction because the case is pending for purposes of Rule 12(b)(3)(B) fails. Rodriguez and Cruz cite to *United States v. Alba*, in which the District Court of Massachusetts held that Fed. R. Crim. P. 12(b)(3)(B)—as then written—did not permit Alba to file a Rule 12(b)(3)(B) motion because his case was not pending before the district court, as required by the Rule at that time. 657 F. Supp. 2d 309, 312 (D. Mass. 2009). Specifically, the court explained that, for purposes of the Rule, a criminal case is pending before the district court "either before final judgment is entered or before the direct appeal has concluded." *Id.* However, *Alba* pre-dates the amendment of Rule 12(b)(3)(B) in December 2014 "to remove language that allowed the court at any time while the case is pending to hear a claim that the 'indictment or information fails to state an offense.'" (ellipsis omitted)). *United States v. Galletta,* No. CR 14-603, 2023 WL 4565477, at \*50 (E.D. Pa. July 17, 2023) (quoting Advisory Committee's notes)*; United States v. Fuentes-Morales*, No. 14-CR-00556, 2017 WL 345141, at \*2 (D.S.C. Jan. 24, 2017) (same). Thus, that the case may be pending is not determinative of the propriety of a Rule 12(b)(3)(B) motion under the circumstances here.

Rather, pending or not, Cruz and Rodriguez's Joint Motion to Dismiss is clearly inconsistent with the applicable version of Rule 12(b)(3)(B).  Rule 12(b)(3)(B) is titled "*Motions That Must Be Made Before Trial*" and such motions "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits." Fed. R. Crim. P. 12(b)(3). Petitioners have included arguments regarding alleged due process and vagueness issues with the Virgin Islands felony murder statute, which, pursuant to

Rule 12(b)(3)(B), could have been made pretrial since such issues could be adjudicated prior to a trial on the merits. *See United States v. Williams*, No. CR 22-228, 2023 WL 6810569, at *2 (W.D. Pa. Oct. 16, 2023) (citing *United States v. Covington*, 395 U.S. 57, 60 (1969) (noting that Rule 12 permits pretrial resolution of a motion to dismiss indictment when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense.")). Additionally, most of Cruz and Rodriguez's arguments do not put forth contentions that involve any defects in the Indictment, as required by Rule 12(b)(3)(B). Rather, they involve legal arguments based upon new Supreme Court cases, claimed constitutional violations, alleged erroneous jury instructions, and other legal arguments unrelated to any purported defect in the Indictment. (Dkt. No. 1106 at 5-11).

In any event, even if one could overcome these seemingly insurmountable obstacles, Cruz and Rodriguez may not use Rule 12(b)(3)(B) to attack their convictions because the Rule is inconsistent with Section 2255. Thus, Cruz and Rodriguez are procedurally barred from seeking relief pursuant to Rule 12(b)(3)(B).

Section 2255 permits incarcerated persons to seek release:

> upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255. As a general matter, "[a] § 2255 petition provides a federal prisoner the opportunity to seek one full collateral review of his or her sentence." *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000). Section 2255 also provides an avenue for petitioners to challenge their convictions. *See United States v. Leinenbach,* 413 F. App'x 422, 424 (3d Cir. 2011) ("Should he wish to proceed with his collateral attack on the legality of his federal conviction and sentence, he must do so under 28 U.S.C. § 2255 . . . .); *see also Massey v. United States*, 581 F.3d 172, 174

(3d Cir. 2009) ("A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence.").

"The Rules Governing Section 2255 Proceedings for the United States District Courts (hereafter "Section 2255 Rules") apply to proceedings on an application for relief under Section 2255. Habeas corpus proceedings are *sui generis*." *United States v. Askew*, No. 03-244-4, 2010 U.S. Dist. LEXIS 4516, at *13 (W.D. Pa. Jan. 21, 2010) (citing *United States v. Bendolph*, 409 F.3d 155, 166 (3d Cir. 2005)). Specifically relevant here is Rule 12 of the Rules Governing Section 2255, which states: "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." U.S.C. Sec. 2255 Proc. R. 12.

The Court first finds that Rule 12(b)(3)(B) motions are not consistent with Section 2255 because such motions effectively allow movants to collaterally attack their convictions, which is the exact purpose of § 2255. Allowing petitioners to file such motions after habeas petitions are filed—as here —allows them to make an impermissible second collateral attack on their convictions after the Court has decided their habeas petitions. Simply stated, a Rule 12(b)(3)(B) motion is not a permissible means for a defendant to attack a conviction; § 2255 is the appropriate method. *See Williams v. United States*, 383 F. App'x 927, 930 (11th Cir. 2010) ("Because [defendant] is in custody and is collaterally attacking his federal sentence, § 2255 is the proper vehicle for that attack and Rule 12(b)(3)(B) cannot be used to circumvent its procedural requirements.") (citing *United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002)).

The Court also finds analogous and supportive of its decision the Third Circuit's determination that a habeas petitioner could not amend his petition under Fed. R. Civ. P. 15(a) to add a new claim after the one-year limitations period pursuant to the Antiterrorism and Effective

Death Penalty Act had expired. The Third Circuit explained that it "affirmed the District Court's denial of [defendant's] motion to amend in light of the 'special situation' created by the AEDPA's one-year period of limitations with its recognized grace period. Had the District Court granted [defendant's] motion to add a new claim, [the Third Circuit] reasoned, it would have 'frustrated the intent of Congress that claims under 28 U.S.C. § 2255 be advanced within one year after a judgment of conviction becomes final[.]'" *United States v. Thomas*, 221 F.3d 430, 435 (3d Cir. 2000) (discussing *United States v. Duffus*, 174 F.3d 333 (3d Cir. 1999)). Similarly, in these cases permitting the petitioners to put forth new or novel arguments by filing Fed. R. Crim. P. 12(b)(3)(B) motions after the Court has decided their habeas petitions but before rendering judgment would certainly frustrate the intent of Congress. Instead of having one bite of the apple as intended, a petitioner who is unsuccessful in his habeas petition could litigate issues not previously included in his habeas petition.

Finally, it is also of note that the Procedural Default Rule precludes Cruz and Rodriguez from raising any arguments via Section 2255 that they might have argued on direct appeal. *See Massaro v. United States,* 538 U.S. 500, 504 (2003) (citing *United States v. Frady*, 456 U.S. 152, 167 (1982)) (citation omitted) ("[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."). In *Massaro*, the Court explains that "[r]ules of procedure should be designed to induce litigants to present their contentions to the right tribunal at the right time." *Id.* (citing *Guinan v. United States,* 6 F.3d 468, 474 (7th Cir. 1993) (concurring opinion)). Here, Petitioners' arguments that Count 5 should be vacated because the predicate crime for felony murder under Virgin Islands law does not include "Attempted Interference with Commerce" could—and should—have been raised on direct appeal

because such arguments and the requisite authority to support such arguments were available at the time of appeal.

For these reasons—individually and collectively—Cruz and Rodriguez's Joint Motion to Dismiss will be denied.

Even if the Court were to consider Cruz and Rodriguez's arguments on the merits, they still would not succeed. Cruz and Rodriguez argue that Count 5—First Degree Felony Murder under 14 V.I.C. § 922(a)(2)—of which both petitioners were convicted, must be vacated. This argument essentially boils down to the contention that Count 5 must be vacated because Cruz and Rodriguez were neither charged with, nor convicted, of a predicate crime listed in the statute. This argument fails.

First, the law does not require the jury to convict a defendant of a predicate crime to sustain a conviction on the compound crime. *See People of the Virgin Islands v. Faulkner*, 57 V.I. 327, 335 (V.I. 2012). Indeed, the Virgin Islands Supreme Court sustained a conviction of the compound crime even when the jury acquitted the defendant of the predicate crime. *Id.*; *see also Gumbs v. People of the Virgin Islands*, 59 V.I. 784, 789 (2013) ("[W]hen the elements of a criminal offense require the People to prove that the defendant committed an underlying felony, even an acquittal on the predicate felony would not justify setting aside a conviction for the compound felony if the People introduced sufficient evidence for the jury to convict the defendant of the predicate felony."). Cruz and Rodriguez's argument thus fails on the merits as the Court finds no basis on which to disturb its Order and Memorandum Opinion of July 8, 2008 in which it found evidence sufficient to sustain Petitioner's conviction on Count 5. *See (*Dkt. Nos. 658, 659).

That there was sufficient evidence to convict Cruz and Rodriguez of the compound crime is further supported by the fact that they were convicted of the crime of attempted robbery under

federal law, as set forth in the Third Superseding Indictment, which is analogous to the predicate local felony listed in the statute. *See* 14 V.I.C. § 922(a)(2) (defining first degree murder as murder that is committed "in the . . . attempt to perpetuate . . . robbery . . ."). Although Count 2 is labeled "Attempted Interference with Commerce by Threats or Violence," the specific crime for which petitioners were convicted in Count 2 was attempted robbery., which is almost indistinguishable from the crime of attempted robbery under Virgin Islands law. *Compare* 14 V.I.C. § 1861 ("Robbery is the unlawful taking of personal property in the possession of another, from his person or immediate presence and against his will, by means of force or fear.") *with* 18 U.S.C. § 1951(b)(1) ("The term 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."). Accordingly, while the law does not require a jury to convict petitioners of the predicate offense—of attempted robbery—to sustain the felony murder conviction in Count 5, the fact that the jury convicted petitioners of attempted robbery under federal law, only further supports the Court's July 2008 conclusion that there was evidence sufficient to convict them of the felony murder offense.

Cruz and Rodriguez also argue that their conviction in Count 5 is "no longer a crime of violence pursuant to *Borden v. United States*," meaning that Count 7 must be vacated. (Dkt. No. 1106 at 7). The Court determined that Cruz's *Borden* challenge was untimely in its July 18, 2023 Memorandum Opinion, and Cruz points to no authority or rationale that would allow the Court to entertain such a challenge in the Joint Motion to Dismiss. (Dkt. No. 992 at 43). The same is true for Petitioner Rodriguez. *See* (Dkt. No. 995 at 28-29) ("Rodriguez's *Borden* challenge was raised

outside of the one-year statute of limitations."). The Court also determined that Cruz's *Rosemond* challenge must be denied because the decision does not apply retroactively. (Dkt. No. 992 at 42). Neither Cruz nor Rodriguez point to any authority or rationale that would allow the Court to entertain such a challenge in the Joint Motion to Dismiss. Finally, the Court decided Cruz and Rodriguez's challenges under *United States v. Taylor* when deciding their habeas petitions. (Dkt. Nos. 992 at 45-47; 995 at 30-32). The Court found that Count 7, "unauthorized use of a firearm during a crime of violence, in violation of 14 V.I.C. § 2253(a) . . . [arose] under territorial law [and] [n]either *Davis* nor *Taylor* has any bearing on this situation." (Dkt. No. 992 at 45-46); *see also* (Dkt. No. 995 at 30-32). Cruz and Rodriguez reiterate this argument and maintain that Count 5—which was for felony murder under territorial law—should be dismissed based on *Taylor* as well. Cruz and Rodriguez put forth no reason for the Court to reconsider its decision, and the Court's reasoning as to Count 7 applies equally to Count 5. *See* LRCi 7.3(a) (explaining that a motion for reconsideration must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.").

In view of the foregoing, even when considered on the merits—which the Court need not reach in light of the arguments set forth above—Cruz and Rodriguez's arguments in their Joint Motion to Dismiss fail.

Finally, Cruz and Rodriguez argue that they were not given a hearing in which they could "clarify the court's concerns" prior to the issuance of the R&R. (Dkt. No. 1137 at 10). However, Petitioners do not cite any legal authority for the proposition that the Magistrate Judge was required to hold hearing prior to ruling on their Joint Motion. The Court notes that it is within its discretion whether to hold a hearing under the circumstances here. *See, e.g.*, *Page v. United States*, 462 F. 2d 932, 933 (3d Cir. 1972) (court acts within its discretion to dismiss without hearing "where the

record affirmatively indicates that the claim for relief is without merit"); *Gov't of the V.I. v. Forte*, 865 F.3d 59, 62 (3d Cir. 1989) ("the question of whether to order a hearing is committed to the sound discretion of the district court"); *Gov't of V.I. v. Nicholas*, 759 F. 2d 1073, 1075 (3d Cir. 1985) ("A section 2255 motion is addressed to the discretion of the trial judge in the first instance, and where the record affirmatively indicates that the claim for relief is without merit, a refusal to hold a hearing will not be deemed an abuse of such discretion."). Because this Court's *de novo* review confirms that the record here "affirmatively indicates" that the arguments presented in Cruz and Rodriguez's Joint Motion to Dismiss are without merit, the Court finds that a hearing prior to the issuance of the R&R was not necessary.

In addition, Petitioners object that sufficient time was not provided by the Court to file a reply to the Government's Opposition. (Dkt. No. 1129) to the Joint Motion. (Dkt. No. 1137 at 10). In this regard, the Magistrate Judge issues the R&R only three days after the Government's untimely filed Opposition. However, there is nothing that prevented the Magistrate Judge from ruling without a reply. Indeed, the Court's Local Rules explicitly so provide. *See* LRCi 6.1 (b)(6) ("Nothing herein shall prohibit the Court from ruling without a response or reply when deemed appropriate."). In light of the Court's *de novo* review of the issues raised and its determination that the arguments in the Joint Motion fail, the Court finds that a reply was not necessary prior to the Magistrate Judge's ruling on the Joint Motion.

> **6.    Second Joint and Supplemental Motions to Dismiss (Dkt. Nos. 1138, 1172)**

In their Second Joint Motion to Dismiss, Cruz and Rodriguez seek to proceed pursuant to Fed. R. Crim. P. 12(b)(2), arguing that the Court lacks jurisdiction to resentence them as to Count 5 because "Attempted Interference with Commerce," Count 2, is not a predicate offense for felony murder under 14 V.I.C. § 922(a)(2). (Dkt. No. 1138 at 2-23). This argument was included in: 1)

Rodriguez's *Pro Se* Motion to Dismiss (Dkt. No. 1068 at 1-3); 2) Cruz's First Motion to Dismiss (Dkt. No. 1085 at 5-6); and 3) the Joint Motion to Dismiss (Dkt. No. 1106 at 2-3). In Rodriguez's Supplemental Motion to the Second Joint Motion to Dismiss, Rodriguez argues that because the Government failed to prove the elements of the Virgin Islands local crime of attempted robbery— which he argues is necessary to sustain the felony murder conviction—and only presented evidence of the federal crime of attempted robbery, his conviction is unconstitutional. (Dkt. No. 1172). Cruz and Rodriguez's Second Joint Motion to Dismiss and Rodriguez's Supplemental Motion are denied for the same reasons articulated for the corresponding argument in Section III (C)(5) above.

Federal Rule of Criminal Procedure 12(b)(2) provides that "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed. R. Crim. P. 12(b)(2). Assuming—without deciding—that the matter is pending for purposes of Rule 12(b)(2), the Second Joint Motion to Dismiss and Supplemental Motion will be denied on the merits for the same reasons articulated for the corresponding arguments in Section III (C)(5) above.

## IV.    CONCLUSION

In view of the foregoing, the Court will adopt the conclusions reached in the R&R as supplemented herein. With regard to the four Motions referred to Magistrate Judge Henderson, the Court will:

(1) deny as moot Petitioner Felix Cruz's First Motion to Dismiss (Dkt. No. 1085) for the reasons set forth in the R&R;

(2) deny as moot Petitioner Reinaldo Berrios' Motion to Dismiss (Dkt. No. 1097) for the reasons set forth in the R&R;

(3) deny Petitioner Cruz and Angel Rodriguez's Joint Motion to Dismiss (Dkt. No. 1106) for the reasons set forth in the R&R as supplemented herein; and

(4) grant in part and deny in part Petitioner Troy Moore's Motion for Joinder (Dkt. No.

1107) for the reasons set forth in the R&R as supplemented herein.

As for the five other Motions, the Court will:

    (1) grant in part and deny in part Cruz's Motion for Reconsideration (Dkt. No. 1007);

    (2) strike Petitioner Angel Rodriguez's *pro se* Motion to Dismiss (Dkt. No. 1068);

    (3) deny for the reasons set forth herein Cruz and Rodriguez's Second Joint Motion to Dismiss (Dkt. No. 1138);

    (4) deny for the reasons set forth herein Rodriguez's Supplemental Motion (Dkt. No. 1172); and

    (5) grant Cruz's Motion for Joinder (Dkt. No. 1173).

An appropriate Order accompanies this Memorandum Opinion.

Date: May 29, 2025

                                     _____/s/_____
                                       WILMA A. LEWIS
                                       Senior District Judge